**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAMONTE MORRIS,

Plaintiff,

v.

MICHAEL J. ASTRUE,

Defendant.
_______________________________________/

No. C 09-00800 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lamonte Morris brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of the Social Security Administration denying plaintiff's application for Supplemental Security Income disability benefits. Presently before the Court are the parties' cross-motions for summary judgment.

Based upon the Court's review of the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment.

## BACKGROUND

### I. Procedural History

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits based on disability on October 23, 2006, alleging back pain, high blood pressure, diabetes, high cholesterol, and a prostate problem. After his claims were denied, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). On June 2, 2008, plaintiff appeared with counsel at a hearing in Oakland, California. The ALJ denied plaintiff's claim, finding that plaintiff is not disabled because he

can perform work available in significant numbers in the national economy. Plaintiff's request for review by the Appeals Council was denied on December 24, 2008. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. Factual Background

### A. Physical and Mental Impairments

Plaintiff was born on September 3, 1964. *See* Administrative Record ("AR") at 90. He has an eighth-grade education, *id.* at 109, and last worked in 2000 as a furniture mover. *Id.* at 29, 37. When he originally applied for SSI benefits, plaintiff claimed that he was disabled due to back pain, high blood pressure, diabetes, high cholesterol, and a prostate problem. *Id.* at 104. Following his application for benefits, plaintiff underwent a consultative orthopedic examination by Dr. Calvin Pon on December 12, 2006. *Id.* at 154-55. Dr. Pon found that plaintiff suffered from "lumbar disc disease and/or degenerative changes of the lumbosacral facet joints," as well as hypertension and diabetes. *Id.* Dr. Pon also found that plaintiff appeared "well developed" and "well nourished," and was able to walk, stand, and sit normally and without restriction. *Id.* Dr. Pon concluded that plaintiff could lift and carry up to 50 pounds occasionally and 25 pounds frequently. *Id.* at 155.

On September 20, 2007, plaintiff's physician at the Alameda County Medical Center noted that plaintiff suffered from depression. *Id.* at 184. On January 9, 2008, the same physician noted that plaintiff's depression was "resolved by med[ication]." *Id.* at 181. During his hearing before the ALJ, plaintiff testified that he experienced anxiety, emotional instability, and low energy. *See id.* at 44. Plaintiff also testified that some of the pills he was taking were "like Prozac." *Id.* Although plaintiff sometimes would be "mad for no reason," if he took those pills, he would be "all right." *Id.*

### B. ALJ's Findings

The ALJ evaluates disability cases using a five-step evaluation process established by the Social Security Administration. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); *see also* 20 C.F. R. § 404.1520. In the first two steps, the claimant must establish that he is (1) not performing substantial gainful work and (2) not performing substantial gainful work due to a "severe" impairment. 20 C.F. R.

§ 404.1520. An impairment must have lasted or be expected to last twelve months in order to be considered severe. 20 C.F.R. § 404.1509. In the third step, the claimant must establish that his impairment meets or medically equals a listed impairment described in the administrative regulations. 20 C.F.R. § 404.1520. If the claimant's impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step, in which the claimant must establish his impairment prevents him from performing relevant work he did in the past. *Id.* In the fifth step, the Commissioner must demonstrate that the claimant is able to do other work, and that there are a significant number of jobs in the national economy that claimant can do. *Tackett*, 180 F.3d at 1099. The Commissioner may meet this burden by relying upon "the testimony of a vocational expert." *Id.* The burden of proof is on the claimant as to the first four steps. *Id.* at 1098. The burden shifts to the Commissioner for the fifth step. *Id.*

In this case, the ALJ found that plaintiff had a combination of severe physical impairments which prevented him from performing his past work. AR at 22. These severe impairments were diabetes mellitus, hypertension, hyperlipidemia, and lumbar disc disease. *Id.* The ALJ did not find that plaintiff suffered from any severe mental impairments. *See id.* Under the third step, the ALJ found that plaintiff did not suffer from an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21. Based on the medical record, the ALJ found that although plaintiff could not perform his past work as a furniture mover, he retained the functional capacity to perform light work that included lifting and carrying 20 pounds occasionally and 10 pounds frequently, as well as standing, walking, or sitting for 6 hours in the 8 hour workday. *Id.* at 21-22. This means that even with his limitations, plaintiff could work as a cashier, which is a job available in significant numbers in the national economy. *Id.* at 22. The ALJ therefore denied plaintiff's claim at the fifth step of the evaluation. *Id.*

**LEGAL STANDARD**

A district court's review of a disability determination is limited, and a final administrative decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Substantial evidence

United States District Court
For the Northern District of California

is that relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984).

**DISCUSSION**

Plaintiff moves for summary judgment, arguing that the ALJ erred when he failed to consider the effects of plaintiff's alleged depression when determining whether plaintiff had a disability. Plaintiff argues that the ALJ should have taken his alleged depression into account at his hearing because plaintiff has been treated for depression and testified to symptoms consistent with depression, specifically, anxiety, sleep disturbance, and low energy. Defendant also moves for summary judgment, arguing that the ALJ properly found that plaintiff was not mentally impaired by depression. Defendant asserts that plaintiff's depression does not constitute a severe mental impairment because it is controlled by medication and does not limit his ability to perform basic work activities.

The Court finds that the ALJ did not err. Plaintiff has the burden of proving that he suffered from a severe mental impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (explaining that the claimant bears the burden of proving that he has a medically severe impairment or combination of impairments). Plaintiff, however, did not claim to be disabled by depression, nor did he present any evidence to the ALJ demonstrating that his depression limited his ability to perform basic work activities. He did not meet his burden of proof.

Furthermore, the record establishes that plaintiff's depression was adequately controlled by medication. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). On January 9, 2008, plaintiff's physician at the Alameda County Medical

United States District Court
For the Northern District of California

Center noted that plaintiff's depression was "resolved by med[ication]." *Id.* at 181. During his hearing before the ALJ, plaintiff testified that some of the pills he took were "like Prozac." *Id.* at 44. Although plaintiff would sometimes be "mad for no reason," if he took those pills, he would be "all right." *Id.* There is no evidence in the record that plaintiff's depression is disabling. The ALJ did not err in failing to consider the effects of plaintiff's alleged depression.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (Docket No. 15) is DENIED and defendant's motion for summary judgment (Docket No. 17) is GRANTED.

**IT IS SO ORDERED.**

Dated: December 23, 2010

SUSAN ILLSTON
United States District Judge